IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-50285
Summary Calendar
_____

REMIGIO A. MARTINEZ,

Plaintiff-Appellant,

versus

NANCY HEES; TX. BOARD OF PARDONS;
S.O. WOODS, JR.; KATHY CLEERE;
STEPHEN L. ROGERS, Warden; VERONICA
BALLARD,

Defendants-Appellees.

- - - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-98-CV-696-SS
- - - - - - - - - - -
December 1, 2000

Before GARWOOD, HIGGINBOTHAM and PARKER, Circuit Judges.

PER CURIAM:[*]

Remigio A. Martinez, Texas prisoner # 799604, appeals the district court's dismissal of his 42 U.S.C. § 1983 action for failure to state a claim. In his complaint, Martinez challenged the issuance of a pre-revocation warrant of arrest for his alleged violation of the terms of his mandatory supervision stemming from his conviction for carrying a weapon on school property. He admits that while he was serving his term of

_____

      [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

mandatory supervision, he committed robbery and theft.  He pleaded guilty to the theft charge prior to the expiration of his term of mandatory supervision and was sentenced to nine months of incarceration.  Subsequent to the expiration of his term of mandatory supervision, but while he remained incarcerated on the theft charge, he was bench warranted to Bexar County to stand trial on the robbery charge.  The day after this bench warrant was issued, the pre-revocation warrant he challenges was issued. The pre-revocation warrant was withdrawn after Martinez was sentenced on the robbery charge, and his mandatory supervision was not revoked.  On appeal, Martinez argues that the issuance of the pre-revocation warrant violated his rights under the Due Process and Double Jeopardy Clauses.

Because Martinez was incarcerated for the theft charge and as a result of the bench warrant issued in the robbery case, he has not established that he was punished or that his liberty was infringed as a result of the allegedly mistaken issuance of the pre-revocation warrant after his discharge date for the underlying conviction passed.  Therefore, he has not shown the denial of a constitutional right, see Doe v. Rains County Ind. Sch. Dist., 66 F.3d 1402, 1406 (5th Cir. 1995), and the judgment of the district court is AFFIRMED.